UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARSHAUN BOYKIN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-1309-SEM |
| | ) |
| LIEINGER *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Marshaun Boykin, an inmate at Pontiac Correctional Center ("Pontiac"), has filed a Complaint (Doc. 1), a Motion for Leave to Amend (Doc. 14), and Motions to Dismiss (Docs. 17, 23).

The Court concludes that Plaintiff's pleading states an Eighth Amendment excessive force claim. However, Plaintiff's Motion for Leave to Amend is denied, and his Motions to Dismiss are moot.

### I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C.

§ 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's pleading alleges constitutional violations at Pontiac Correctional Center ("Pontiac") that he asserts were committed by the following Defendants: former Warden Mindi Nurse, Major Lieinger, Lieutenant Miller, Correctional Officers Bolte and Martinez, Medical Director Dr. Rodney Alford, and Nursing Supervisor Nikki Rambo.

Plaintiff alleges that on October 25, 2024, he was placed in a

cell with dried feces on the walls and without a mattress and his property. (Pl. Compl., Doc. 1 at 6.) When Plaintiff attempted to return to the area where he had previously been, he was hog-tied, picked up in the air, and thrown on his head. (*Id.*) Plaintiff also claims that Defendant Bolte smashed his jaw into the ground. (Pl. Compl., Doc. 1 at 6-7.)

Sometime later, Plaintiff saw a dentist regarding jaw pain. Plaintiff was referred to an oral surgeon, who removed a cyst under Plaintiff's wisdom tooth and ordered a biopsy of the removed tissue, which was determined to be malignant. Plaintiff asserts he was diagnosed with lymphoma and is "fighting for his life, battling cancer as a result of [the] excessive force" earlier applied. (*Id.* at 8.)

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is

and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite naming Defendants Alford, Lieinger, Martinez, Miller Nurse, and Rambo, Plaintiff does not provide specific facts to infer that each identified individual committed a constitutional violation against Plaintiff. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Under the Eighth Amendment, prison officials may not use excessive physical force against prisoners. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "The use of force qualifies as excessive for the purpose of Eighth Amendment . . . when it entails the 'unnecessary

and wanton infliction of pain.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667 (7th Cir. 2012) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Plaintiff's account is sufficient to state an Eighth Amendment excessive force claim for the alleged use of force by Defendant Bolte on October 25, 2024.

## II. AMENDMENT

Plaintiff's Motion for Leave to Amend (Doc. 14) seeks to add an oncologist employed by UI Health in Chicago as a Defendant. However, "[t]o establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right." *Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017).

The Seventh Circuit has held that "medical providers who have 'only an incidental or transitory relationship' with the penal system generally are not considered state actors." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797–98 (7th Cir. 2014) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009))

(holding that state university physicians who examined inmate were not acting under color of state law where physicians "had only an incidental and transitory relationship with the penal system" and where no evidence existed that physicians "had a contract with Wexford or the prison, that their practices focused on treating inmates, or even that they regularly treated inmates as part of their practices").

Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 14) is denied.

### III. DISMISSAL

Plaintiff's separate filings seek to dismiss former Warden Mindi Nurse and Nursing Supervisor Nikki Rambo as parties. However, for the reasons stated in the Court Merit Review Order, Nurse and Rambo are not parties to Plaintiff's suit. Thus, Plaintiff's Motions to Dismiss (Docs. 17, 23) are moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to Amend (Doc. 14) is DENIED.**
2) **Plaintiff's Motions to Dismiss (Docs. 17, 23) are MOOT.**

3) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment excessive force claim against Defendant Bolte. Plaintiff's claim against Defendant proceeds in his individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Court directs the Clerk of the Court ("Clerk") to dismiss Dr. Rodney Alford, Lieinger, Martinez, Miller, Mindi Nurse, and Nikki Rambo as parties.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's**

forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendant's counsel leave to depose

**Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

12) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED January 5, 2026.

s/ *Sue E. Myerscough*

---
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE